FREDERICK WEIDNER et al., Respondents-Appellants, v. FLORENCE C. WALSH et al., Appellants-Respondents, and WALTER BRUCHHAUSEN, Respondent.— In an action to recover commissions as employees, and upon an agreement guaranteeing payment, in which action defendants pleaded various setoffs and counterclaims against plaintiffs and the impleaded defendant, based on an agreement pursuant to which plaintiffs had sold to four of the defendants all the outstanding shares of capital stock of a certain corporation, the parties have cross-appealed from respective portions of a judgment in favor of plaintiffs. Judgment insofar as appealed from modified on the law and the facts, by inserting the following: "first, second, third," immediately before the word "fifth" in the second decretal paragraph, and by striking out of the third decretal paragraph the figures "$9,178.57", "$2,202.86", and "$12,087.42", and by substituting, in lieu thereof, respectively, the figures "$23,280.94", "$5,-645.63", and "$29,632.56". As so modified, judgment unanimously affirmed, with costs to plaintiffs. Findings of fact inconsistent herewith are reversed, and new findings are made as indicated herein. We are in agreement with the trial court that the aggregate amount which was paid to plaintiff's as salaries on July 25, 1947, the date of the consummation of the agreement of sale, including the payment made on account of Federal income tax withholding, in all $9,429.60, should have been included as a liability within the "net worth" formula contained in the agreement, and that the "accruals" item of liability

should have been reduced by $500, by reason of the reduction of the accountant's fee by said amount. However, we are of opinion that the item of "mortgages payable," in the amount of $19,192.50, should have been excluded, as already reflected in the "assets fixed" item, which latter item was to be excluded from the "net worth" formula, according to the provisions of the agreement of sale. Adjustment of the "net worth" figure by the foregoing treatment results in a "net worth" of more than the amount stipulated in the agreement as the basis for the fixing of the sales price, and consequently defendants were not entitled to any recovery or setoff other than that which was conceded, which was in the amount of $2,712.47. Present — Nolan, P. J., Adel, Wenzel, Schmidt and Beldock, JJ.